**USMAN MUGHAL**, OSB No. 094530
Email: u@mgf.law
MUGHAL GAUDRY & FRANKLIN PC
1500 NW Bethany Blvd., Suite 200, Beaverton, OR 97006
Telephone: (971) 634-0286
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MUGHAL GAUDRY & FRANKLIN PC, an Oregon professional corporation,<br><br>Plaintiff,<br>v.<br><br>REAL BENEFITS GROUP INC. dba ALIAT;<br>ROBERT KOHNLE, Oregon,<br>KAITE KOHNLE, Oregon<br>JOE WEDDING, Oregon,<br>RODRECUS HUGHES, Georgia,<br>BENJAMIN BIRKY, Washington, JANE DOE, Employees (to be named), Officers (to be named), Board of Directors (to be named) of ALIAT, and JON DOE, Employees (to be named), Officers (to be named), Board of Directors (to be named) of ALIAT,<br><br>Defendant. | Case No. 3:26-cv-00231<br><br>**COMPLAINT**<br>**(Negligence; Breach of Contract; Civil RICO 18 U.S.C. § 1964)**<br><br>**Amount in Controversy: $225,000**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MUGHAL GAUDRY & FRANKLIN PC, alleges as follows:

**PARTIES**

1.

Plaintiff Mughal Gaudry & Franklin PC (hereinafter "Plaintiff" or "MGF"), is an Oregon professional corporation with its principal place of business in Oregon. Plaintiff was formerly known as Mughal IP PC.

Page 1 - COMPLAINT

2.

Defendant Real Benefits Group Inc. dba Aliat (hereinafter "Aliat"), upon information and belief, is a corporation organized and existing under the laws of Oregon with its principal place of business in Oregon, and/or conducts substantial business in Oregon, including providing payroll services to Plaintiff.

3.

Defendant Robert Kohnle was an owner and/or employee of Aliat with principal residence in Oregon.

4.

Defendant Joe Wedding was an employee of Aliat with principal residence believed to be in Oregon.

5.

Defendant Rodrecus Hughes was an accountant employee and/or independent contractor of Aliat with principal residence Fayetteville, Georgia and providing services to Aliat's clients in Oregon.

6.

Defendant Kaitie Kohnle was an employee of Aliat with residence in Oregon.

7.

Defendant Bethany Bizon of Oregon was an employee of Aliat.

8.

Defendant Benjamin Birky was an employee of Aliat with principal residence Vancouver, Washington and providing services to Aliat's clients in Oregon.

///

///

///

9.

Defendants Jon Doe1 through Jon DoeN, where N is a number, were male employees officers, and/or Board of Directors of Aliat whose duties, acts, or omissions involved Aliat's provision of payroll services to Plaintiff.

10.

Defendants Jane Doe1 through Jane DoeM, where M is a number, were female employees, officers, and/or Board of Directors of Aliat whose duties, acts, or omissions involved Aliat's provision of payroll services to Plaintiff.

11.

Defendants Robert Kohnle, Joe Wedding, Rodrecus Hughes, Katie Kohnle, Bethany Bizon, Benjamin Birky, Jon Doe 1 through Jon DoeN, and Jane Doe 1 through Jane DoeM are collectively referred to as the "Employee Defendants."

**JURISDICTION AND VENUE**

12.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 18 U.S.C. § 1964(c) (civil RICO), and 28 U.S.C. § 1367 (supplemental jurisdiction).

13.

Venue is proper in the United States District Court for the District of Oregon pursuant to 18 U.S.C. § 1965(a) because Defendants either reside, are found, have an agent, or transact affairs in said district.

**FACTUAL ALLEGATIONS**

14.

Plaintiff MGF (formerly Mughal IP PC) is a law firm that engaged Defendant Aliat to provide payroll processing and related services.

15.

Plaintiff MGF and Defendant Aliat (Real Benefits Group, Inc. d/b/a Aliat) entered into a written "Agreement" (hereinafter "the Aliat Contract"), under which Aliat was to provide "payroll administration, and other employee relations services" ("Services").

16.

Aliat became Plaintiff's "limited agent" for deposits and filings of payroll taxes with the Internal Revenue Service and other state/local agencies.

17.

Plaintiff was required to provide funds for tax deposits, which would then be held by Aliat until such taxes were due by state or federal regulations. Aliat was required to submit payroll tax payments and filing services in Plaintiff's name and under Plaintiff's federal, state, and local tax identification numbers.

18.

Plaintiff regularly remitted funds to Aliat specifically designated for the payment of these payroll taxes.

19.

On or about February 14, 2024, Defendant Aliat sent an urgent email communication to its clients, including Plaintiff, announcing its immediate cessation of all functions effective February 19, 2024. Aliat stated that it was ceasing operations due to a "detrimental cash flow issue" and that "funding to come in to continue services... fell through." This announcement came as a complete surprise to Plaintiff.

20.

On February 29, 2024, Aliat's Accounting Manager, Rod Hughes, sent a further email to clients stating, "[T]he company will be unable to pay any outstanding tax liabilities which you currently may or may not have due."

21.

Plaintiff would later learn that Aliat failed to properly safeguard and remit approximately $225,000 of Plaintiff's payroll tax funds to federal, state, and local taxing authorities prior to Aliat's cessation.

22.

As a direct result, Plaintiff has incurred significant federal and state tax liabilities and related costs.

23.

Plaintiff has attempted to engage in an Offer in Compromise with the Internal Revenue Service (IRS) to resolve outstanding tax liabilities, but the IRS has rejected Plaintiff's offer and demanded that Plaintiff pay $180,000 to the IRS or be subject to further liabilities and a lien on the business.

24.

As a direct result of Aliat's acts, errors, or omissions, Plaintiff has suffered damages in the approximate amount of $225,000, including but not limited to, the unremitted payroll taxes, related liabilities, and other costs associated with resolving the tax liabilities with the IRS, and payroll taxes in the states of Oregon, Kansas, Texas, Florida, North Carolina, Illinois, Kansas, and Colorado. These damages may increase over time, and Plaintiff reserves the right to amend its alleged damages.

25.

Aliat has not provided Plaintiff with a complete accounting of what happened to Plaintiff's payroll tax funds.

/ / /

/ / /

/ / /

# CLAIMS

## CLAIM I: NEGLIGENCE

### (Against Defendant Aliat and Employee Defendants)

26.

Plaintiff incorporates by reference the allegations contained in Factual Allegations as though fully set forth herein.

27.

As a limited agent of Plaintiff, Aliat was in a fiduciary position vis-à-vis Plaintiff, as were any Employee Defendants providing payroll services to Plaintiff on Aliat's behalf.

28.

Defendant Aliat and each of the Employee Defendants owed a duty of care to Plaintiff to properly handle and remit payroll taxes and to safeguard funds entrusted to them.

29.

Defendant Aliat and some or all of the Employee Defendants breached this duty of care by failing to remit payroll taxes and safeguard funds entrusted to them.

30.

Plaintiff has suffered direct damages in the approximately amount of $225,000, including but not limited to, the unremitted payroll taxes, related liabilities, and other costs associated with resolving the tax liabilities with the IRS, and payroll taxes in the states of Oregon, Kansas, Texas, Florida, North Carolina, Illinois, Kansas, and Colorado.

/ / /
/ / /
/ / /
/ / /

## CLAIM II: BREACH OF CONTRACT

### (Against Defendant Aliat)

31.

Plaintiff incorporates by reference the allegations contained in Factual Allegations as though fully set forth herein.

32.

Plaintiff and Defendant Aliat entered into a valid and enforceable contract for payroll services.

33.

Plaintiff performed all its obligations under the Aliat Contract or is otherwise excused.

34.

Defendant Aliat breached the Aliat Contract by failing to remit payroll taxes as agreed and by abruptly ceasing operations without fulfilling its ongoing duties and providing adequate notice, particularly those related to tax remittance.

35.

As a direct and proximate result of Aliat's breach of contract, Plaintiff has suffered damages in the approximate amount of $225,000, including but not limited to, the unremitted payroll taxes, related liabilities, and other costs associated with resolving the tax liabilities with the IRS, and payroll taxes in the states of Oregon, Kansas, Texas, Florida, North Carolina, Illinois, Kansas, and Colorado. Plaintiff is also entitled to pre-judgment interest pursuant to ORS 82.010 commencing on the date of each payment.

/ / /

/ / /

/ / /

## CLAIM III: CIVIL RICO (Racketeer Influenced and Corrupt Organizations Act)

## (Against Defendants Real Benefits Group Inc. dba Aliat and Robert Kohnle)

36.

Plaintiff incorporates by reference the allegations contained in Factual Allegations as though fully set forth herein.

37.

This claim is brought under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq*.

38.

<u>The Enterprise</u>: Defendants Aliat and Robert Kohnle together participated in and/or conspired to participate in an "enterprise" within the meaning of 18 U.S.C. § 1961(4) whose activities affected interstate commerce through its use of electronic fund transfers and mail communications across state lines.

39.

<u>The Persons</u>: Defendant Bob Kohnle, as the owner and/or employee of Aliat, is a "person" within the meaning of 18 U.S.C. § 1961(3). Defendant Aliat, as a legal entity, is also a "person" within the meaning of 18 U.S.C. § 1961(3).

40.

<u>Predicate Acts (Racketeering Activity)</u>: Defendants Aliat and Bob Kohnle engaged in a pattern of multiple predicate acts, including but not limited to:

a. Defendants' use of the U.S. mail or private commercial carrier for communications, invoices, tax forms, and other documents related to payroll services, for the purpose of obtaining money by means of false representations.

Page 8 - COMPLAINT

b. Defendants' use of interstate wires, including electronic fund transfers (ACH, EFTPS), for collecting payroll funds from Plaintiff and other clients for the purpose of obtaining money by means of false representations.

41.

Pattern of Predicate Acts: Defendants Aliat and Robert Kohnle engaged in a pattern of predicate acts consisting of at least two related acts within ten years of each other, including, without limitation, Defendants' use of interstate mail and electronic fund transfers to collect payroll funds from Plaintiff and avoid Plaintiff's timely discovery of Defendants' failure to remit said funds to the appropriate taxing authority on Plaintiff's behalf. Each instance represents a separate predicate act.

a. These predicate acts are related because they share a common purpose (obtaining money by means of false representations), common victims (Aliat's clients, including Plaintiff), and common methods (using payroll processing services to obtain funds).

b. These predicate acts establish a continuous pattern of conduct leading up to Aliat's abrupt cessation of operations, showing both "closed-ended" and "open-ended" continuity.

42.

Violation of 18 U.S.C. § 1962(c): Defendant Robert Kohnle, a person, through his position as an owner and/or employee of Aliat, conducted and participated in the enterprise through a pattern of predicate acts. These acts benefitted him personally and

were adverse to Aliat's legitimate interests, thus overcoming any intra-corporate immunity defense.

43.

<u>Violation of 18 U.S.C. § 1962(d) (RICO Conspiracy)</u>: Defendants Aliat and Robert Kohnle conspired to engage in the enterprise and commit the predicate acts.

44.

<u>Injury to Business or Property</u>: As a direct and proximate result of Defendants' violations of 18 U.S.C. § 1962(c) and (d), Plaintiff suffered injury to its business or property in the form of unpaid payroll taxes, related liabilities, and other costs associated with resolving tax liabilities with the IRS and other state/local authorities, all totaling approximately $225,000.

45.

Pursuant to 18 U.S.C. § 1964(c), Plaintiff is entitled to recover treble damages, costs, and reasonable attorney fees.

**PRAYER FOR RELIEF**

46.

WHEREFORE, Plaintiff Mughal Gaudry & Franklin PC respectfully prays for judgment against Defendants as follows:

a. On Claim I (Negligence), against Defendant Real Benefits Group Inc. dba Aliat and each of the Employee Defendants for:

   i. Compensatory damages in the approximate amount of $225,000.

   ii. Pre-judgment and post-judgment interest at the highest rate allowed by law.

        iii. Costs and disbursements.

        iv. Any other and further relief as the Court deems just and proper.

    b. On Claim II (Breach of Contract), against Defendant Real Benefits Group Inc. dba Aliat:

        i. Compensatory damages in the approximate amount of $225,000.

        ii. Pre-judgment and post-judgment interest at the highest rate allowed by law.

        iii. Costs and disbursements.

        iv. Any other and further relief as the Court deems just and proper.

    c. On Claim III (Civil RICO), against Defendant Real Benefits Group Inc. dba Aliat and Richard Kohnle:

        i. Trebled damages in the approximate amount of $675,000.

        ii. Attorney fees pursuant to 18 U.S.C. § 1964(c).

        iii. Pre-judgment and post-judgment interest at the highest rate allowed by law.

        iv. Costs and disbursements.

        v. Any other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**DEMAND FOR JURY TRIAL**

47.

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 2nd day of February, 2026.

        MUGHAL GAUDRY & FRANKLIN PC

        By  s/ Usman Mughal
          NAME, OSB No. 094530
          Email: u@mgf.law
          *Attorneys for Plaintiff MGF*